UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RJ CONTROL CONSULTANTS, INC.,

    Plaintiff,

v.

MULTIJECT, LLC, RSW
TECHNOLOGIES, LLC, and JACK ELDER,

    Defendants.
_____/

Case No. 16-10728

HON. AVERN COHN

## MEMORANDUM AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT (Doc. 25)[1]

### I. Introduction

This is a copyright infringement case. Plaintiff RJ Control Consultants, Inc., (RJ Control) is suing defendants Multiject ,LLC (Multiject), RSW Technologies, LLC (RSW), and Jack Elder (Elder) claiming copyright infringement (Count 1). Before the court is RJ Control's Motion for Leave to File First Amended Complaint to add Paul E. Rogers (Rogers), the sole shareholder of RJ Control, as a plaintiff. For the reasons that follow, the motion is GRANTED.

### II. Background

RJ Control is a Michigan corporation that develops and owns copyrights for industrial control systems used in injection mold machines. In 2013, RJ Control entered into a contract with Multiject, a company that designs and builds the physical injection

---

[1]Although originally scheduled for hearing, upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

mold machines. Under the agreement, RJ Control agreed to manufacture control systems for Multiject's injection mold machines. Upon developing the control system, RJ Control obtained a copyright for the system labeled "Design 3." In March of 2014, Multiject requested the copyright information of the "Design 3" control system. Shortly after RJ Control provided Multiject with the copyright information, Multiject informed RJ Control that it would be now using a different company, RSW, for the production and installation of control systems.

On March 1, 2016, RJ Control filed its complaint against Multiject, RSW, and Jack Elder alleging copyright infringement among other claims. At the time the complaint was filed, Rogers was not listed as a plaintiff because, according to RJ Control, it was not aware of any potential issues with standing in regards to the proper owner of the copyright for the "Design 3" control system. On October 19, 2016, RJ Control asked for Multiject and Elder's concurrence in amending the complaint to add Rogers as a plaintiff. Multiject and Elder declined. On January 10, 2017, RJ Control filed the instant motion. Notably, RSW does not object to amendment.

III. Legal Standard

Under Fed. R. Civ. P. 15(a), a party may amend their pleadings after 20 days "only by leave of court or by written consent of the adverse party; and leave to amend pleadings "shall be freely given when justice so requires." The decision whether or not to permit the amendment is committed to the discretion of the trial court. See, e.g., Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-32 (1971); Estes v. Kentucky Util. Co., 636 F.2d 1131, 1133 (6th Cir. 1980). This discretion, however, is "limited by Fed.R.Civ.P. 15(a)'s liberal policy of permitting amendments to ensure the

2

determination of claims on their merits." See Marks v. Shell Oil Co., 830 F.2d 68, 69 (6th Cir. 1987) (citation omitted). In determining whether to permit amendment, some of the factors which may be considered by the district court are undue "delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." Hageman v. Signal L.P. Gas, Inc. 486 F.2d 479, 484 (6th Cir. 1973). See also Foman v. Davis, 371 U.S. 178, 182 (1962). Delay by itself is not sufficient to deny a motion to amend. Hageman, 486 F.2d at 484. See also General Elec. Co. v. Sargent & Lundy, 916 F.2d 1119, 1130 (6th Cir. 1990). Moreover, in denying a motion to amend, a court must find "at least some significant showing of prejudice to the opponent." Moore v. City of Paducah, 790 F.2d 557, 562 (6th Cir. 1986).

## IV. Analysis

Elder and Multiject argue that the motion should be denied because (1) it is untimely, (2) has been brought despite repeated notice of failure to cure deficiencies, and (3) has been brought in bad faith. None of these arguments are persuasive.

As to untimeliness and the alleged failure to cure deficiencies despite repeated notice, Elder and Multiject argue that RJ Control was repeatedly made aware of the necessity to add Rogers as a party as early as March 28, 2016, but waited until January 10, 2017 to file its motion to amend. Elder and Multiject say that all of the defendants gave RJ Control express notice of the defect in their first responsive pleadings on March 28, 2016 by denying all intellectual property claims made by RJ Control. Moreover, Elder and Multiject further state that during Rogers' deposition, Rogers was specifically

asked about and was directed to the fact that RJ Control did not hold any registered copyright to the operating system in question, and if anyone did, it was Rogers himself.

RJ Control portrays the facts in a different light and seeks to add Rogers in "an abundance of caution." RJ Control agrees that counsel for both parties had several conversations about adding Rogers as a party in October, 2016. Specifically, on October 19, 2016, RJ Control produced in discovery a written license agreement between RJ Control and Rogers giving RJ Control the intellectual property rights of the systems developed by Rogers. On the same day, counsel for RJ Control requested that Elder and Multiject stipulate to adding Rogers as a party. On October 28, 2016, Elder and Multiject informed counsel for RJ Control of their refusal to stipulate.

On January 10, 2017, RJ Control filed the instant motion. Shortly after the motion was filed, the parties agreed to facilitation. This effectively stalled the case. The parties facilitated on March 9, 2017; it was unsuccessful. During facilitation, the parties agreed to refrain from additional discovery or motion practice.

Based on the above, it cannot be said that RJ Control was untimely in seeking an amendment or that the motion was brought after repeated failure to cure deficiencies. Indeed, as stated above, the parties had discussed the deficiency in an attempt to cure it. Moreover, due to the parties' facilitation efforts, it was not necessary to add Rogers as a party.

Finally, there are no facts to support that the motion was brought in bad faith. To the contrary, the record shows that the parties were aware of the potential addition of Rogers some time ago but the issue did not become necessary until after mediation efforts failed. There is simply nothing to suggest that RJ Control has acted in bad faith

4

in seeking to add Rogers as a party.

In light of this decision, the Court will entertain a stipulation to an appropriate extension of the scheduling order.

SO ORDERED.

S/Avern Cohn<br>AVERN COHN<br>UNITED STATES DISTRICT JUDGE

Dated: 5/30/2017
    Detroit, Michigan