UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RJ CONTROL CONSULTANTS, INC., and
PAUL E. ROGERS,

    Plaintiffs,

v.                                                        Case No. 16-10728

MUTLTIJECT, LLC.,                            HON. AVERN COHN
RSW TECHNOLOGIES, LLC, and
JACK ELDER,

    Defendants.
_____/

## MEMORANDUM AND ORDER
## GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT
## ON COUNTS I AND II (Docs. 45, 46)
## AND
## DISMISSING STATE LAW CLAIMS WITHOUT PREJUDICE
## AND
## DENYING PLAINTIFFS' MOTION TO COMPEL AS MOOT (Doc. 54)[1]

I. Introduction

This is a business dispute which soured a friendship. Plaintiffs RJ Control Consultants, Inc. (RJ Control) and its principal, Paul E. Rogers (Rogers) are suing defendants Multiject LLC (Multiject), and its principal, Jake Elder (Elder) and RSW Technologies, LLC (RSW) making claims under state and federal law. Specifically, the amended complaint claims:

---

[1] Although originally scheduled for hearing, upon review of the parties' papers, the Court deems these matters appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

| | |
|---|---|
| Count I | copyright infringement (all defendants) |
| Count II | violation of the Lanham Act (all defendants) |
| Count III | violation of Michigan Consumer Protection Act (all defendants) |
| Count IV | breach of contract (Multiject) |
| Count V | unjust enrichment (Multiject) |
| Count VI | unjust enrichment (RSW) |
| Count VII | conversion (all defendants) |
| Count VIII | tortious interference with contract/business expectancy (all defendants) |

Jurisdiction is based on federal question as claimed in Counts I and II.

Before the Court are the following motions:

>RSW Technologies, LLC's Motion for Summary Judgment (Doc. 45)

>Multiject and Jack Elder's Motion for Summary Judgment (Doc. 46)

>RJ Control and Paul Rogers' Motion to Compel (Doc. 54)

As will be explained, the federal claims for copyright infringement and violation of the Lanham Act are not sustainable. Accordingly, defendants' motions for summary judgment will be granted as to the federal claims. The Court will dismiss the state law claims without prejudice and deny the motion to compel as moot. This dispute belongs, if anywhere, in state court.

## II. Background

The relevant facts as gleaned from the record follow.[2]

---

[2] The parties did not comply with the Court's motion practice guidelines for motions for summary judgment. However, the record is sufficiently developed so as to enable a decision on the federal claims.

In 1987, Rogers formed RJ Control, a Michigan company located in Rochester Hills which provides industrial automation design, installation, and maintenance services. Rogers is the sole shareholder of RJ Control.

In 2000 or 2001, Elder and Rogers met through attendance at the same church and became friends. At that time, Elder was a principal at a company called Innatech, which was in the injection mold business. Rogers worked on some projects for Innatech but was later let go as a contractor apparently because his prices were too high. Innatech later dissolved.

In 2003, Elder formed Multiject, a Michigan company also located in Rochester Hills and engaged in the injection mold business. Multiject was working on a rotary turnable table mechanism created by injection molding. Elder and Rogers worked together on the injection molding machines with Rogers focusing on the control system (box) for the rotary turntable.

In 2005, Rogers developed a control system for Multiject.

From 2008 to 2012, RJ Control constructed control systems for Multiject based on Roger's original design. RJ supplied Multiject with control systems during this time and invoiced Multiject which appear to have been paid without incident.

In 2013, Multiject ordered five control systems. In filling this order, RJ Control updated the system and created modified designs. During this time, RJ Control created what became known as "Design 3" which consists of technical drawings of the control system and code. The parties dispute the invoicing for these systems. RJ Controls says that Multiject owes it $59,000. Multiject says RJ Controls was charging too much and violating prior agreed on payment terms.

In January 2014, Multiject asked RJ Control for nine more control systems. While RJ Control was preparing the order, Elder asked for the design information, i.e. Design 3. In March of 2014, RJ Controls and Rogers gave Multiject Design 3. At this time, the parties relationship was strained over the disagreement in payment obligations.

Multiject then sent Design 3 to RSW. RSW is an Ohio company hired by Multiject to make control systems. RSW used Design 3 and developed additional software to furnish control systems to Multiject at lower prices than RJ Control. Elder then informed Rogers that Multiject would be using another company, RSW, to produce the control systems.

The friendship between Elder and Rogers ended.

Two years later, on February 17, 2016, Rogers obtained a copyright registration for Design 3. A few weeks after obtaining the copyright, on March 1, 2016, RJ Controls sued Multiject, Elder and RSW in this court asserting the state and federal claims set forth above. Essentially, RJ Control and Rogers say that defendants improperly used its copyrighted Design 3 to make control systems and Multiject still owes RJ Controls money for control systems.

RJ Control later sought leave to amend the complaint to add Rogers as a plaintiff because the copyright is registered to Rogers, not RJ Control. The Court granted the motion. (Doc. 32).

The parties then engaged in discovery after which defendants filed the instant summary judgment motions. As noted above, RJ Control and Rogers have filed a motion to compel, seeking discovery responses from Multiject.

III.  Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A moving party may meet that burden "by 'showing' – that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  Rule 56 expressly provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  The revised Rule also provides the consequences of failing to properly support or address a fact:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).  "The court need consider only the cited materials, but it may

5

consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

When the moving party has met its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Ultimately a district court must determine whether the record as a whole presents a genuine issue of material fact, id. at 587, drawing "all justifiable inferences in the light most favorable to the non-moving party," Hager v. Pike County Bd. Of Educ., 286 F.3d 366, 370 (6th Cir. 2002).

IV. Analysis

Because this case is in federal court based solely on the inclusion of the copyright and Lanham Act claims, the Court will therefore first address whether defendants are entitled to summary judgment on these claims.

A. Copyright Infringement

The issue is whether use of the copyrighted information known as "Design 3" to manufacture control systems is an act of copyright infringement. The Court will assume, as RJ Control and Rogers contend, that defendants copied "Design 3" and RSW used it to make control systems for Multiject. Defendants contend that manufacture of the control systems is not actionable copyright infringement. RJ Control and Rogers argue that fabricating a device depicted in a drawing or other copyrighted material is copyright infringement where the fabrication is achieved through unlawful copying or making an unlawful derivative of the copyrighted material. Defendants have the better view.

6

"The elements of a copyright-infringement claim are (1) ownership of the copyright by the plaintiff and (2) copying by the defendant." Blackwell Publ'g, Inc. et al. v. Excel Research Group, LLC et al., 661 F. Supp. 2d 786, 790 U.S.P.Q.2d 1743 (E.D. Mich. 2009) citing Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361 (1991) and Zomba Enterprises, Inc. v. Panorama Records, Inc., 491 F.3d 574, 581 (6th Cir. 2007).

A plaintiff must establish that a defendant engaged in an activity which is one of the six exclusive rights reserved to the copyright owner in 17 U.S.C. §106. Because of the nature of the copyrighted works in this case – computer programs and technical drawings - only three of the exclusive rights reserved to the copyright owner can come into play in this case, namely, the rights:

> "(1) to reproduce the copyrighted work in copies or phonorecords;
>
> (2) to prepare derivative works based upon the copyrighted work; and
>
> (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending…"

17 U.S.C. § 106.

The scope of copyright protection is limited. It does not extend "to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work." 17 U.S.C. § 102(b). "Unlike a patent, a copyright gives no exclusive right to the art disclosed; protection is given only to the expression of the idea—not the idea

itself." Mazer v. Stein, 347 U.S. 201, 217 (1954); see also Baker v. Selden, 101 U.S. 99, 101-02 (1879) (finding that a book describing a bookkeeping system is worthy of copyright protection, but the underlying method described is not).

Here, it is clear that Design 3 are works protected by 17 U.S.C. § 102(a)(5). Under 17 U.S.C. § 106, the copyright owner (Rogers) has the exclusive right to "reproduce," "prepare derivative works," "distribute copies," and "display" the copyrighted work. However, "use" rights are governed by the Patent Act, 35 U.S.C. § 271. See, e.g., Nimmer § 2.18[A] ("Where the owner of a patent obtains the right to exclude others from using the invention, the rights granted to a copyright owner under Section 106 of the Copyright Act do not include the right to prevent others from using the copyrighted work.") (quotation omitted).

Moreover, 17 U.S.C. § 102(b) provides: "In no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such a work." 17 U.S.C. § 113(b) further limits such copyright protection and provides "[t]his title does not afford, to the owner of copyright in a work that portrays a useful article as such, any greater or lesser rights with respect to the making, distribution, or display of the useful article so portrayed than those afforded to such works under the law."

In Niemi v. American Axle Mfg. & Holding Co., 2006 WL 2077590 (E.D. Mich. July 24, 2006) another judge in this district considered a similar question, i.e. whether the use of copyrighted technical drawings to manufacture a machine constitutes

8

copyright infringement. The district court held that it was not. After noting the statutory limitation in 17 U.S.C. § 113(b), the district court cited the Congressional record for further support. Notably, the Congressional record preceding the adoption of the Copyright Act sets forth the following examples of the limitation expressed by 17 U.S.C. § 113(b):

> Under distinctions indicated in existing court decisions, that the copyright in a work portraying a useful article as such would not protect against manufacture of that article, **copyright protection would not extend to the following cases**:
>
> -A copyrighted drawing of a chair, used to manufacture chairs of that design;
>
> -A copyrighted scale model of an automobile, used to manufacture automobiles of that design;
>
> -**A copyrighted technical drawing showing the construction of a machine used to manufacture the machine**;
>
> -A copyrighted picture of a dress, used to manufacture the dress.

See House Comm. on the Judiciary, 87th Cong., Report of the Register of Copyrights on the General Revision of the U.S. Copyright Law (1961) (emphasis added). Based on the statutory language and Congressional record, the district court held "the manufacture of a machine from a copyrighted technical drawing is clearly not copyright infringement." 2006 WL 2077590 at * 3.

A similar result was reached in Nat'l Med. Care, Inc. v. Espiritu, 284 F. Supp. 2d 424 (S.D. W.Va. 2003) where the district court found that copyrights in technical drawings depicting medicine cabinets did not protect against the production of the

9

medicine cabinets. Id. at 435-36. In Espiritu, the defendant stipulated that he had made unauthorized copies of the plaintiffs' technical drawings. The plaintiff sought an order requiring the defendant to remove cabinets which had been built from the copied technical drawings. The district court found that, under 17 U.S.C. § 102(b), the ideas illustrated in the technical drawings were not protected. The district court held that copyright protection does not extend to structures built from technical drawings "regardless of whether those structures have been built with reference to infringing copies...." Id. at 435-36. See also Niemi v. NHK Spring Co., Ltd., 2007 WL 2460348 (N.D. Ohio Aug. 27, 2017) (following Niemi v. American Axle and holding that use of copyrighted technical drawings used to make a machine was not an act of copyright infringement).

Here, as in Niemi and Espiritu, RJ Control and Rogers cannot expand the scope of copyright protection to include the act of manufacturing an article using a copy or derivative copy of the copyrighted drawings and code.

RJ Control and Rogers cite Robert R. Jones Assoc. Inc. v. Nino Homes, 858 F.2d 274 (6th Cir. 1988) and Herman Frankel Org. v. Tegman, 367 F. Supp. 1051 (E.D. Mich. 1973). Both cases involve architectural drawings. However, architectural works are protected by a separate section of the Copyright Act. A 1990 amendment to the Copyright Act defines architectural works as "design of a building as embodied in any tangible medium of expression, including a building, architectural plans, or drawings." 17 U.S.C. § 101.3  Therefore, this case is not on point. Although the Sixth Circuit found in Nino Homes, that "one may construct a house which is identical to a house depicted in

copyrighted architectural plans, but one may not directly copy those plans and then use the infringing copy to construct the house," id. at 280, this holding is limited to architectural works. See Winfield Collection, Ltd. v. Gemmy Indus., Corp., 147 F. App'x 547, 551 (6th Cir. Aug. 25, 2005) (distinguishing the architectural plans and construction on the house in Nino Homes from design plans for a "crashing witch" ornament because the architectural plans involved "useful" objects "or functional creations whose protection sounds more appropriately in patent than in copyright").

Therefore, the use of the Design 3 drawing to manufacture a control system is not an act of copyright infringement. As such, defendants are entitled to summary judgment on Count I.

### B. Lanham Act

In Count II, RJ Control and Rogers assert that defendants violated the Lanham Act, 15 U.S.C. § 1125(a). The Lanham Act provides:

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is

likely to be damaged by such act.

Id. The Lanham Act prohibits "false or misleading representation[s] of fact" in commercial advertising, and applies to qualified unregistered trademarks. See Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, 768-69, (1992).

To establish a claim under the act, RJ Control and Rogers first must establish the existence of a valid and legally protectable trademark qualifying under § 2 of the Lanham Act. In their response brief, RJ Control and Rogers contend that defendants infringed their "trademark" by "falsely representing the origin of the injection mold machines, which is likely to cause confusion regarding whether Plaintiffs authorized, approved or sponsored Defendants' use of Plaintiff's Copyright information." This allegation is not understood. RJ Control and Rogers have not identified what the trademark is that has been infringed much less what confusion has occurred. Multiject makes the injection mold machines. The control system is a component part. The injection mold machines bear Multiject's name. RSW made the control systems for Multiject which was then incorporated into the injection mold machine. There are simply no facts which would establish a Lanham Act violation. Summary judgment is appropriate.

## C. State Law Claims

Although defendants put forth several arguments in favor of summary judgment on the state law claims, the Court declines to address them in light of finding summary judgment appropriate on the federal claims. The general rule is that a district court should dismiss supplemental state law claims if the federal claims have been dismissed

before trial.  Gaff v. Fed. Deposit Ins. Corp., 814 F.2d 311, 319 (6th Cir. 1987); see also Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350, n.7 (1988) (recognizing that, in such cases, the balance of interest will usually point toward declining to exercise jurisdiction). When deciding to retain jurisdiction over a state law claim, a district court must consider "the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims."  City of Chicago v. Inte'l College of Surgeons, 522 U.S. 156, 173 (1997).

Here, as explained above, the federal claims have no vitality.  Indeed, they simply do not apply to the facts of the case.  Rather, the state law claims form the basis for the parties' dispute.  Under these circumstances, the Court declines to exercise supplemental jurisdiction over the state law claims.

V.  Conclusion

For the reasons stated above, defendants' motions for summary judgment are GRANTED IN PART.  Counts I and II are DISMISSED WITH PREJUDICE.  Counts III - VIII are DISMISSED WITHOUT PREJUDICE.  In light of this ruling, RJ Control and Rogers' motion to compel is DENIED AS MOOT.  This case is DISMISSED.

SO ORDERED.

S/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE

Dated: 11/8/2018
    Detroit, Michigan