UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RJ CONTROL CONSULTANTS, INC., and
PAUL E. ROGERS,

    Plaintiffs,

v.                                                Case No. 16-10728

MUTLTIJECT, LLC.,                        HON. AVERN COHN

RSW TECHNOLOGIES, LLC, and
JACK ELDER,

    Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF No. 61)

I.

This is a business dispute which soured a friendship. Plaintiffs RJ Control Consultants, Inc. (RJ Control) and its principal, Paul E. Rogers (Rogers) sued defendants Multiject LLC (Multiject), and its principal, Jake Elder (Elder) and RSW Technologies, LLC (RSW) making claims under state and federal law. Specifically, the amended complaint claimed:

    Count I copyright infringement (all defendants)
    Count II violation of the Lanham Act (all defendants)
    Count III violation of Michigan Consumer Protection Act (all defendants)
    Count IV breach of contract (Multiject)
    Count V unjust enrichment (Multiject)
    Count VI unjust enrichment (RSW)
    Count VII conversion (all defendants)
    Count VIII tortious interference with contract/business expectancy (all defendants)

The parties filed the following motions:

RSW Technologies, LLC's Motion for Summary Judgment (ECF No. 45)

Multiject and Jack Elder's Motion for Summary Judgment (ECF No. 46)

RJ Control and Paul Rogers' Motion to Compel (ECF No. 54)

The Court found that plaintiff's the federal claims for copyright infringement and violation of the Lanham Act were not sustainable.  Accordingly, the Court granted defendants' motions for summary judgment as to the federal claims.  The Court dismissed the state law claims without prejudice and denied the motion to compel as moot.  (ECF No. 58).

Before the Court is plaintiff's motion for reconsideration on the grounds that the Court erred in dismissing plaintiffs' copyright claim.[1]  For the reasons that follow, the motion is DENIED.

## II.

To prevail on a motion for reconsideration under Local Rule 7.1, a movant must "not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3).  "A palpable defect is a defect that is obvious, clear, unmistakable, manifest or plain." Witzke v. Hiller, 972 F. Supp. 426, 427 (E.D. Mich. 1997).  The "palpable defect" standard is consistent with the standard for amending or altering a judgment under Federal Rule of Civil Procedure 59(e), that there was "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to

---

[1] The Court previously denied plaintiff's motion for reconsideration.  (ECF No. 68).  The Court later vacated the order (ECF No. 70) and asked the parties for supplemental papers which have been received.

prevent manifest injustice." Henderson v. Walled Lake Consol. Schs., 469 F.3d 479, 496 (6th Cir. 2006). Motions for reconsideration should not be granted if they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication," E.D. Mich. LR 7.1(h)(3), or if the "parties use ... a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued," Roger Miller Music, Inc. v. Sony/ATV Publ'g, 477 F.3d 383, 395 (6th Cir. 2007).

### III.

Plaintiff has not met this high standard. After reviewing all of the papers, the Court is satisfied that plaintiff has not made out a triable claim under the Lanham Act. Plaintiffs have not satisfied the standard for reconsideration. The Court found that the factual basis for plaintiffs' federal claims - use of copyrighted drawings - does not state a viable claim for copyright infringement. Nothing in plaintiffs' papers convinces the Court that it erred in this regard.

SO ORDERED.

_____
S/AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 12/4/2019
   Detroit, Michigan