UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RJ CONTROL CONSULTANTS, INC.
and PAUL E. ROGERS,

                        Plaintiffs,                Case Number 16-10728

v.                                                       Honorable David M. Lawson

MULTIJECT, LLC, RSW TECHNOLOGIES,
LLC, and JACK ELDER,

                        Defendants,

and

MULTIJECT, LLC, RSW TECHNOLOGIES,
LLC, and JACK ELDER,

                        Counter-Plaintiffs,

v.

RJ CONTROL CONSULTANTS, INC.

                        Counter-Defendant.

_____/

## ORDER DISMISSING COUNTERCLAIM WITHOUT PREJUDICE

On January 18, 2022, the Court issued an opinion and judgment dismissing the complaint with prejudice. The Court subsequently denied the plaintiffs' motion for reconsideration, and the plaintiffs thereafter appealed the dismissal. On April 5, 2023, the court of appeals dismissed the appeal for lack of jurisdiction after finding that the opinion and judgment were not final orders of the Court, because they did not address claims pleaded in a counter-complaint filed by defendants Jack Elder and Multiject, LLC. The court of appeals remanded the case to this Court for further proceedings on the counterclaim. However, after reviewing the record of the proceedings, the Court found that there were grounds for doubt about whether the Court has subject matter

jurisdiction over any surviving claims pleaded in the counter-complaint. The Court ordered the parties to show cause why the counterclaim should not be dismissed without prejudice for want of jurisdiction. The parties have filed responses. After reviewing the parties' positions, the Court finds that the prudent course under the circumstances is to decline the discretionary exercise of supplemental jurisdiction over the remaining purely state law counterclaim.

As the Court previously observed, the counter-complaint filed by defendants Multiject, LLC and Jack Elder alleges only state law causes of action: breach of contract (express and implied), unjust enrichment, and misrepresentation. The counterclaim raises no substantial federal question; therefore, there is no federal question jurisdiction over that claim. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006).

Similarly, it does not appear that there is an independent basis of subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. Although the citizenship of counter-plaintiff Jack Elder was not alleged adequately (the counterclaim alleged only his residence, not his domicile or citizenship), there is no doubt that Multiject, a limited liability company, and RJ Control Consultants, Inc. are Michigan entities and therefore citizens of Michigan. "Diversity of citizenship . . . exists only when no plaintiff and no defendant are citizens of the same state." *Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 540 (6th Cir. 2006) (citation and quotation marks omitted).

Accordingly, there is no independent basis for exercising federal jurisdiction over the counterclaim. Nevertheless, "[t]he Supplemental Jurisdiction statute, 28 U.S.C. § 1367, enables federal district courts to entertain claims not otherwise within their adjudicatory authority when those claims 'are so related to claims . . . within [federal-court competence] that they form part of the same case or controversy.'" *Artis v. D.C.*, --- U.S. ----, 138 S. Ct. 594, 597 (2018) (quoting 28

U.S.C. § 1367(a)). Included within the supplemental jurisdiction authority are state-law-based claims and counterclaims "brought along with federal claims arising from the same episode." *Ibid.*; *Watson v. Cartee*, 817 F.3d 299, 303 (6th Cir. 2016). It appears that the factual bases of the claims in the counter-complaint are congruent to those set out in the plaintiffs' now-dismissed complaint, since they involved the same course of dealing.

The supplemental jurisdiction statute, however, is not a mandatory command. "A district court may . . . dismiss the related state claims if there is a good reason to decline jurisdiction." *Artis*, 138 S. Ct. at 597 (citing 28 U.S.C. § 1367(c)(1), (2), and (4)). Section 1367(c) recognizes a district court's discretion to dismiss a state law counterclaim "if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). That discretion is informed by "the 'values of judicial economy, convenience, fairness, and comity.'" *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010) (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

Frequently, the balance tips toward declining jurisdiction where only state law claims remain and there is no diversity jurisdiction. *Ibid.* (quoting *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254–1255 (6th Cir. 1996)). But it tilts the other way when (1) the case has been on the court's docket for a while; (2) discovery has closed; (3) summary judgment motions have been filed and are ripe for review; or (4) the district court was familiar with the facts of the case and invested significant time in the litigation. *See Harper v. Auto Alliance Int'l*, 392 F.3d 195, 211-12 (6th Cir. 2004); *Taylor v. First Am. Bank-Wayne*, 973 F.2d 1284 (6th Cir. 1992). Nonetheless, the Sixth Circuit has stated repeatedly that "[i]f the federal claims are dismissed before trial, the state claims generally should be dismissed as well." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (citations omitted).

As the Court noted in its order to show cause, the parties have not paid much attention to the counterclaim during this litigation. As the court of appeals noted in its ruling, the counterclaim scarcely was mentioned throughout the record of the proceedings by either the Court or the parties, despite extensive litigation of the federal trademark and copyright claims pleaded in the complaint. As the court of appeals also noted, all of the plaintiffs' state law claims were dismissed without prejudice by the Court's predecessor, in an opinion and judgment issued on November 8, 2018. The dismissal of those claims was not challenged on appeal by any party. The counter-plaintiff asserted in its response to the order to show cause that the parties conducted significant discovery relating to the counterclaim. However, the Court had no involvement in that process, and it remains clear from the record that no formal proceedings to litigate the counterclaim were undertaken by either side. In particular, the counterclaim has not been the subject of any pretrial motion practice, despite the indulgence of multiple rounds of pretrial dispositive motions. It also remains the case that while the counterclaim nominally remain, all of the other state law claims were dismissed without prejudice early in the litigation.

In the current posture of the case, all of the federal claims have been dismissed with prejudice, and the state law claims pleaded by the plaintiffs previously were dismissed without prejudice. Although there has been extensive litigation of this case in this Court and the court of appeals, none of that effort, so far as it is evidenced by formal proceedings before the Court, has been focused on the counterclaim. Under the circumstances, and absent any independent basis of subject matter jurisdiction, discretion favors dismissal of the counterclaims without prejudice.

- 5 -

Accordingly, it is **ORDERED** that all of the claims pleaded in the defendants' counter-complaint (ECF No. 11) are **DISMISSED WITHOUT PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   May 23, 2023